## GEORGE WEBB v. THE STATE.

No. 9029. Delivered March 4, 1925.

Rehearing denied March 18, 1925.

### 1.—Embezzlement—Proof of Conversion—Sufficient.

Where on a trial for embezzlement by a bailee of a battery used on automobiles, the proof disclosed that appellant had used and retained a battery loaned him while his own battery was to be recharged, for several months, and made no offer to return the borrowed battery until after his arrest, the evidence is sufficient to show conversion, and to sustain the verdict of the jury against appellant.

### 2.—Same—Bills of Exception—If Incomplete—Not Considered.

A bill of exception, which only discloses that the answer of a witness to a question was objectionable on the ground that the answer would prove the theft of another battery by appellant, and the answer to the question merely states that a battery found in appellants car at the time of his arrest belonged to the Houser Battery Co., presents no error.

Appeal from the County Court at Law No. 2 of Harris County. Tried below before the Hon. Roy F. Campbell, Judge.

Appeal from a conviction for embezzlement of an automobile battery, a misdemeanor; penalty, a fine of $50.00 and one hour in jail.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—The information charges that appellant had possession of a battery belonging to one Turney by virtue a contract of hiring, and that while in the possession of said battery as a bailee appellant fraudulently converted it to his own use without Turney's consent. A conviction resulted, the punishment being a fine of $50.00 and one hour in jail.

The evidence shows that on November 6, 1923, appellant went to Turney's place of business and left his battery to be recharged; that Turney put a rent battery in appellant's car for which appellant agreed to pay him twenty-five cents per day until his own battery was again ready for use. Upon examination of appellant's battery it was found to be in such condition that it would not take a re-charge without being rebuilt. Turney telephoned appellant who went to the former's place of business and after being advised as to the condition of the battery Turney was authorized to tear it down and rebuild it. After this time appellant never returned to see about his own battery or to pay the charges on the rent battery which had been placed in his car. On January 30th complaint charging him with theft by conversion was filed. After being arrested on the charge he went to see Turney but did not return the battery. He claimed then that a man by the name of Pressler had been using his battery and automobile and had promised to pay rent on the battery. The evidence shows, however, that Pressler did not borrow appellant's car until about the middle of January; that during the entire months of November, December and January up to the time the car was loaned to Pressler appellant was using the battery in question; that Pressler used the car about twenty days in February and appellant used it the balance of the time. After appellant's arrest Pressler undertook to make a settlement with Turney relative to the battery but declined to pay the rent on it at twenty-five cents per day. No offer to pay the rent or effort was ever made by either Pressler or appellant to settle or adjust the matter until after appellant was arrested. The evidence shows that in all probability the battery was worn out at the time of trial.

The case was tried before a jury and we presume the issues both for the state and appellant were fairly presented and discussed and the jury resolved the issues of fact in favor of the state finding appellant guilty of the conversion of the battery. In our opinion we would not be authorized under the evidence to disturb this finding.

Only one bill of exception is in the record. It appears from said bill that while Turney was upon the witness stand he was asked if he knew to whom the battery which was taken out of appellant's car belonged, to which the witness replied that he did. Objection was made to the question upon the ground that the answer would prove the theft of another and different battery by appellant, and would be highly prejudicial. The objection being overruled, the witness

answered that the battery in appellant's automobile at the time it was brought to witness' place of business belonged to the Houser Battery Company. There is nothing in the bill to indicate that the witness in any way intimated that such battery had been stolen by appellant or anyone else. The only reference to such testimony showing the battery had been stolen was contained in the objection urged. From the bill as presented we discover no error in the ruling of the court relative to the matter.

The judgment is affirmed.

*Affirmed.*